| | |
|---|---|
| UNITED STATES DISTRICT COURT | |
| EASTERN DISTRICT OF CALIFORNIA | |

| | |
|---|---|
| PHOUA HER,<br><br>            Plaintiff,<br><br>   v.<br><br>ANDREW SAUL, Commissioner of Social Security,<br><br>            Defendant. | No. 1:19-cv-01111-GSA<br><br>**ORDER GRANTING PLAINTIFF'S UNOPPOSED MOTION FOR EAJA ATTORNEY'S FEES IN PART**<br><br>**(Doc. 33)** |

### I.     Introduction and Procedural Background

On August 14, 2019 Plaintiff Phoua Her ("Plaintiff") sought judicial review of a final decision of the Commissioner of Social Security ("Commissioner" or "Defendant") denying her application for disability insurance benefits and supplemental security income pursuant to Titles II and XVI, respectively, of the Social Security Act. Doc. 1. The Court found that substantial evidence and applicable law did not support the ALJ's decision. On March 5, 2021 the Court issued an opinion directing entry of judgment in favor of Plaintiff and remanding the matter to the agency for further proceedings. Doc. 31. Judgment was entered the same day. Doc. 32.

Plaintiff moves for an award of attorneys' fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Doc. 33. In support of the request for $11,734.20 in fees, Plaintiff's counsel filed a declaration containing billing and time records. Doc. 33-1.

### II.     Discussion

#### A.     Substantial Justification

##### 1.     Legal Standard

A party seeking an award of fees and other expenses shall, within thirty days of final judgment in the action, submit to the court an application for fees and other expenses which shows that the party is a prevailing party and is eligible to receive an award under this subsection, and the amount sought, including an itemized statement from any attorney or expert witness representing or appearing in behalf of the party stating the actual time expended and the rate at which fees and other expenses were

> computed. The party shall also allege that the position of the United States was not substantially justified. Whether or not the position of the United States was substantially justified shall be determined on the basis of the record (including the record with respect to the action or failure to act by the agency upon which the civil action is based) which is made in the civil action for which fees and other expenses are sought.

28 U.S.C. § 2412(d)(1)(B).

A plaintiff appealing a denial of Social Security benefits need not be awarded benefits to be considered a prevailing party. *Shalala v. Schaefer*, 509 U.S. 292, 300 (1993). A plaintiff who obtains a remand order pursuant to sentence four of 42 U.S.C. § 405(g) is also considered a prevailing party under the EAJA. *Id.* A prevailing party is entitled to a fee award when the position of the United States was not substantially justified. *See* 28 U.S.C. § 2412(d)(1)(B). While the prevailing party must only allege that the position of the United States was not substantially justified, the United States must carry the burden of establishing substantial justification. *See* 28 U.S.C. § 2412(d)(1)(B); *Scarborough v. Principi*, 541 U.S. 401, 414 (2004).

"To establish substantial justification, the government need not establish that it was correct or 'justified to a high degree' . . . only that its position is one that 'a reasonable person could think it correct, that is, has a reasonable basis in law and fact.'" *Ibrahim v. DHS*, 912 F.3d 1147, 1167 (9th Cir. 2019) (en banc) (quoting *Pierce v. Underwood*, 487 U.S. 552 (1988)). The substantial justification standard is satisfied if there is a "genuine dispute" of fact or law, even if the court ultimately rules against the government. *See Pierce*, 487 U.S. at 565. The determination of substantial justification is within the discretion of the district court. *Pierce v. Underwood*, 487 U.S. 552 (1988); *McDonald v. Sec'y of Health & Hum. Servs.*, 884 F.2d 1468, 1473 (1st Cir. 1989).

Pursuant to 28 U.S.C. § 2412(d)(2)(D) "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based . . .'" Thus, the substantial justification standard applies not

only to the underlying agency action in denying benefits, but also to the legal and factual positions advanced by the government's attorneys during the litigation.

### 2. Analysis

Pursuant to Local Rule 293(a) and 230(c), Defendant's opposition to Plaintiff's fee motion was due within 14 days thereof (June 17, 2021). Defendant did not file an opposition. Thus, Defendant did not meet the burden to establish substantial justification and thus has waived the right to do so now. Accordingly, a fee award is warranted.

## B. Fee Amount

### 1. Legal Standard

Having determined a fee award is appropriate, the Court must consider the reasonableness of the fee request. *See* 28 U.S.C. § 2412(d)(2)(A). The Court has an "independent obligation for judicial review of the reasonableness of the amount of fees sought under the EAJA regardless of whether the request is opposed." *Douzat v. Saul*, 2020 WL 3408706, at *1 (D. Nev. June 11, 2020), citing *Lucas v. White*, 63 F. Supp. 2d 1046, 1060 (N.D. Cal. 1999). "This obligation is consistent with Ninth Circuit precedent outside the EAJA context that similarly highlights the Court's duty to review the reasonableness of a fee request." *Id,* citing *Gates v. Deukmejian*, 987 F.2d 1392, 1401 (9th Cir. 1992) (in addressing request for fees under 42 U.S.C. § 1988, indicating that "the district court is required to independently review [a] fee request even absent . . . objections").

Under fee shifting statutes, the movant generally bears the burden of documenting hours and establishing reasonableness of the fee request. *See, e.g.*, *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). In addition to the overall fee request, each individual billing entry is also subject to scrutiny. *Spegon v. Catholic Bishop*, 175 F.3d 544, 552 (7th Cir. 1999). Counsel is entitled to compensation for all work a reasonable and prudent lawyer would undertake to advance her client's interests. *Moore v. Jas. H. Matthews & Co.*, 682 F.2d 830, 839 (9th Cir. 1982).

EAJA hourly rates are capped at $125.00 per hour plus annual cost of living adjustments pursuant to the formula set forth in *Thangaraja v. Gonzales*, 428 F.3d 870, 876–77 (9th Cir. 2005), and published electronically by the Ninth Circuit Court of Appeals. *See* 9th Cir. R. 39-1.6. The rate set for 2020 was $207.78 per hour.[1]

### 2. **Analysis**

Here, counsel seeks compensation for 56.75 hours of work. Doc. 33-1. "Courts should generally defer to the 'winning lawyer's professional judgment as to how much time he was required to spend on the case.'" *See Costa v. Comm'r of Soc. Sec. Admin.*, 690 F.3d 1132, 1136 (9th Cir. 2012), quoting *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008)).

Plaintiff cites cases in which the district court declined to do a line by line review of the fee petition where the overall number of hours expended was reasonable. Mot. at 8, Doc. 33 (citing *Allen v. Berryhill*, Case No. 17-cv-03384-SI, 2019 WL 343422 (N.D. Cal. January 28, 2019) (70.85 hours); *Thompson v. Colvin* (E.D. Cal., Apr. 17, 2015, No. 2:12-CV-01850-AC) 2015 WL 1767733, at *2 (63.4 hours); *Schneider v. Colvin* (E.D. Cal., Feb. 9, 2016, No. 1:14-CV-0034-SKO) 2016 WL 500595, at *4 (55.4 hours)).

Considering the foregoing caselaw, 56.75 total hours does not seem unreasonable in this case. Nevertheless, other courts routinely do conduct line-by-line reviews of fee petitions and deduct time sought for non-compensable work and for certain time entry practices. *See e.g.*, *Henderson v. Comm'r of Soc. Sec.*, No. 1:20-CV-0562 JLT, 2021 WL 2457540, at *3 (E.D. Cal. June 16, 2021) (eliminating time entries for duplicative tasks); *Mallard v. Berryhill,* No. 1:17-CV-01212 - JLT, 2019 WL 2389506, at *3 (E.D. Cal. June 6, 2019) (same); *Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845, 847 (9th Cir. 2012) (unpublished) (affirming reductions for clerical tasks,

---

[1] *See* United States Courts for the Ninth Circuit, Statutory Maximum Rates Under the Equal Access to Justice Act, *available* at https://www.ca9.uscourts.gov/content/view.php?pk_id=0000000039 (last visited June 29, 2021).

vague narratives, block billing, and use of quarter-hour billing increments).  A line-by-line review here reveals that some reductions are warranted.

First, a reduction is warranted for duplicative work.  Although counsel's billing entries here were not duplicative in the same sense as in *Henderson* and *Mallard* (which involved multiple individuals performing the same tasks on different occasions), some of the billing entries were nonetheless duplicative.  Counsel spent a total of 7 hours preparing the reply brief.  Decl. at 3, Doc. 33-1.  However, Plaintiff's reply brief was largely duplicative of her opening brief.[2]  Pages 2, 3, 4, 5, 7, and 9 of the reply brief were mostly derived (if not copied and pasted) from the opening brief with at most passing references to Defendant's response.  A 50% reduction (3.5 hours) is warranted.

Two additional entries are subject to reduction:

- 5/15/20 Detail testimony; Extensively supplement medical evidence summary- to support TP MSS *research Issues relevant to Hmong-Americans and psychological Treatment-and Fresno Center for New Americans* (8.25)

- 5/21/20 Continue drafting argument, linking evidence to TP Rule and specifics providers-*Research ability to speak Hmong and supporting case law that TP who speaks same language as patient with severe psychological impairment better satisfies the provision of "nature and extent" of treatment relationship*-highlighting to amount of objective and subjective detail provided by treating providers. (6.25)

Decl. at 2 (emphasis added).

Plaintiff's brief contained substantial discussion of the italicized topics above which were largely unrelated to the merits of the case.  *See Reyna v. Comm'r of Soc. Sec.*, 548 F. App'x 404

---

[2] *See, e,g.*, Reply at 2 (reiterating argument central to opening brief regarding language fluency and cultural familiarity); Reply at 3–4 (copying and pasting 27 lines of text from pages 18–19 of opening brief);  Reply at 4–5 (copying and pasting 20 lines of text from pages 16–17 of opening brief); Reply at 7 (copying and pasting 10 lines of text from page 17–18 of opening brief); Reply at 9 (copying and pasting 15 lines of text from page 20 of opening brief).

(9th Cir. 2013) (affirming reduction from 47.25 to 28 where counsel "raised numerous alternative arguments that the court did not consider and found to be unfocused and unnecessary."); *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983) ("hours that are excessive, redundant, or otherwise unnecessary" are subject to reduction).

The ALJ's analysis of Dr. Gursahani's mental medical source statements was inadequate for a simple reason: the ALJ offered the same reasoning for rejecting Dr. Gursahani's two distinct physical and mental medical source statements, and the reasoning as to the former did not logically or factually apply to the latter (such as the lack of corroborative "imaging" findings, which clearly had no applicability to Plaintiff's mental health diagnoses).

Plaintiff made much of the fact that Dr. Gursahani was fluent in Hmong, that Plaintiff's group therapy sessions were conducted in Hmong, and that the Hmong speaking therapists at the Fresno Center for New Americans (FCNA) specialized in the treatment of Hmong speaking Americans. Those facts were intended to support Plaintiff's argument that Dr. Gursahani's opinion was entitled to more weight than the opinion of a one-time consultative examiner.

Substantiating those facts with a citation to Dr. Gursahani's bio and to FCNA's "about us" webpage should have taken no more than five to ten minutes. Moreover, Plaintiff did not support the notion that those were/are relevant facts when evaluating the nature and extent of a treating relationship under 20 C.F.R. § 404.1527 (c)(2)(ii).[3] The only identified support was one reference to "a culturally sanctioned behavior or experience" contained in Listing 12.07 for "Somatic Symptom and Related Disorders," a Listing which was not at issue in this appeal. Even assuming language fluency and cultural familiarity are legally relevant considerations, Plaintiff's discussion

---

[3] 20 C.F.R. § 404.1527 (c)(2)(ii) reads as follows: "Nature and extent of the treatment relationship. Generally, the more knowledge a treating source has about your impairment(s) the more weight we will give to the source's medical opinion. We will look at the treatment the source has provided and at the kinds and extent of examinations and testing the source has performed…"

6

was still moot. A Hmong interpreter was present at the consultative examination, and there was no evidence (nor contention) that this interpreter was inaccurate or ineffective in translating Plaintiff's statements to the CE. There were many potential reasons to argue that Dr. Gursahani's opinion was entitled to more weight than the consultative examiner's opinion, however language fluency and cultural familiarity were not among them.

Of the 14.5 hours counsel spent on the two entries quoted above, it is unclear how much time was spent on the aforementioned topics as opposed to other distinct tasks (or how many distinct tasks were described). For the sake of simplicity, and giving counsel the benefit of the doubt, a 10% (1.4) hour reduction is appropriate to the time spent on those tasks.

Finally, an additional reduction of 10% (1.4 hours) to these entries is warranted in light of the use of block billing. *See, Neil v. Comm'r of Soc. Sec.*, 495 F. App'x 845 (9th Cir. 2012) (affirming 10 percent fee reduction from time spent in preparing opening brief to account for block billing and use of quarter-hour billing increments).

Accordingly, counsel's 56.75-hour total will be reduced to 50.45 hours at a rate of $207.78, which yields a fee award of $10,482.50.

### III.  Order

Plaintiff's motion for attorney fees (Doc. 33) is **granted in part.** Fees in an amount of $10,482.50 are awarded in favor of Plaintiff Phoua Her and against Defendant Andrew Saul, Commissioner of Social Security.

Fees shall be made payable to Plaintiff. The Department of the Treasury shall determine whether Plaintiff owes a federal debt. If she does not, then the government shall cause the payment of $10,482.50 in fees to be made directly to Plaintiff's Counsel, Jonathan O. Peña, pursuant to the assignment executed by Plaintiff (Doc. 33-2).[4]

---

[4] *See Astrue v. Ratliff*, 560 U.S. 586, 593, 597 (2010).

Dated: **June 30, 2021**        **/s/ Gary S. Austin**
                                 UNITED STATES MAGISTRATE JUDGE